WIGGIN *vs.* WOODRUFF and others.

The affidavit upon which application is made for a warrant, under the statute respecting " summary proceedings to recover the possession of lands," should not be uncertain, or contradictory.    It should distinctly show which of the persons proceeded against is the tenant, and which of them are under-tenants.

It should allege how the defendants are in possession, in order that the officer before whom the proceedings are had may judge whether they come within the statutory description.

THIS was a certiorari to remove summary proceedings taken before the recorder of the city of New-York, to recover the possession of lands.    The affidavit upon which the proceedings were instituted was as follows :

"City and county of New-York, ss :    Augustus Wiggin, of said city, being duly sworn, deposes and says, that he is the agent and attorney in fact of Timothy Wiggin, of the city of London, kingdom of Great Britain.    That said Timothy Wiggin is landlord of the premises hereinafter described.    That said Timothy Wiggin, as such landlord, on the twenty-sixth of February, A. D 1849, demised to Sarah H. Woodruff, for the term of one year, from the first day of May, A. D. 1849, at the yearly rent of six hundred dollars, the following described premises, to wit :    All that certain lot of land, with the three story brick

Wiggin *v.* Woodruff.

dwelling thereon, situate, lying and being in the sixteenth (late twelfth) ward of the city of New-York, known and distinguished on a map of certain lands belonging to Clement C. Moore, at Greenwich, in the city of New-York, recorded in the office of the register of the city and county of New-York, in Liber 235 of Conveyances, pages 556 and 557, by the number 185, and bounded as follows : Southwesterly, by lot 184 on said map; northwesterly, by said ninth avenue ; northeasterly, by lot numbered on said map 186 ; and southeasterly, by lot numbered on said map 181 ; the said lot hereby granted, or intended so to be, containing in front and rear, 24 feet 8 inches, and in length, on each side 100 feet. That thereupon, said Sarah H. Woodruff entered into possession of said premises, under said demise, and has continued in such possession from that time to the present time, and has kept and continued in such possession, without the assent or permission, and against the will of the said landlord, at all times from and after the first day of May, A. D. 1850, and without the knowledge of the said landlord, from the said 1st day of May, A. D. 1850, to the 1st day of May, 1852. That on the 2d day of April, A. D. 1850, the said Timothy Wiggin, as such landlord, again demised the said premises to Caroline F. Woodruff, the sister of the said Sarah H. Woodruff, at the request of the said Sarah H. Woodruff, for the term of one year, to wit, from the 1st day of May, A. D. 1850, until the 1st day of May, A. D. 1851, and on the 12th day of March, A. D. 1851, the said Timothy Wiggin, as such landlord, at the like request of the said Sarah H. Woodruff, again demised the said premises to said Caroline F. Woodruff, for the further term of one year, to wit, from the 1st day of May, A. D. 1851, until the 1st day of May, A. D. 1852. That under the first of said demises, the said Caroline F. Woodruff entered into possession of said premises, on the 1st day of May, A. D. 1850, and has continued in such possession from that time to the present time, and has kept and continued in such possession, without the assent or permission, and against the will of the said landlord, at all times from and after the 1st day of May, A. D. 1852. That said Sarah H. Woodruff, from and after the 1st day of May,

A. D. 1850, to the present time, has taken, and kept, and continued in such possession of said premises, by the consent and permission of, and by collusion with, said Caroline F. Woodruff: either as holding over by herself, after the expiration of the said term of her, the said Sarah H. Woodruff, as aforesaid, or under the said Caroline F. Woodruff, under and subject to the said demises to her, the said Caroline F. Woodruff, as agent or sub-tenant of the said Caroline F. Woodruff, or in some other manner. That sometime before the 1st day of May, A. D. 1852, Oliver Woodruff, the father of said Caroline F. and Sarah H. Woodruff, and Edward Franks, and John B. Franks, the brothers-in-law of said Sarah H. Woodruff, have also come into possession of said premises, by the consent and permission of, and by collusion with, and under the said Sarah H. Woodruff and Caroline F. Woodruff, or one of them: and under and subject to the said demises to them, as agents or sub-tenants of them, or in some other manner; and have also kept, and still keep, such possession of said premises, together with said Sarah H. Woodruff and Caroline F. Woodruff, at all times from and after the said 1st day of May, A. D. 1852, to the present time, without the assent or permission, and against the will of the said landlord. That since the first day of May, A. D. 1852, and from that time to the 3d day of January, A. D. 1853, the said Sarah H. Woodruff, and Oliver Woodruff, and Caroline F. Woodruff, and Edward Franks, and John B. Franks, who have come into possession of said premises under and by collusion with said Sarah H. Woodruff, and with each other, as aforesaid, have been in possession and occupation of said premises, as tenants at will, or at sufferance, of the said Timothy Wiggin, landlord, as aforesaid, and that such tenancy at will, or by sufferance, of said several persons, has been created by the said several persons, as such tenants, holding over their said terms, or otherwise in the manner hereinbefore set forth. That on the 2d day of December, A. D. 1852, notice was given to all of said several persons, in writing, pursuant to statute, on behalf of said landlord, by delivering the same at the said premises, to said Oliver Woodruff, who then resided, and now resides, upon the said premises, for himself and for the

other persons above named, requiring them, and each of them, to remove from said premises, and to surrender and give up the same, on or before the 3d day of January, A. D. 1853, as by reference to such notice will more fully appear. That on the said 3d day of January, A. D. 1853, deponent, as agent of the landlord, aforesaid, went to said premises, and then and there demanded of said Oliver Woodruff, possession of said premises, and said Oliver Woodruff refused to deliver possession thereof to deponent, and excluded deponent therefrom, and refused to permit him to make demand of the same, of said several other persons, in and upon said premises, or either of them. That the said Oliver Woodruff, Sarah H. Woodruff, Caroline F. Woodruff, Edward Franks, and John B. Franks, are tenants at will, or at sufferance, of the said Timothy Wiggin, as hereinbefore mentioned, and as such tenants at will, each and every of them still hold over and continue in possession of the said premises, after the expiration of their time, as aforesaid, without the permission of the said landlord, although the said tenancy had expired, as aforesaid."

The recorder denied the application for a warrant to remove the defendants and to put the applicant into possession, for the reasons stated in the following opinion:

"F. R. TILLOU, Recorder. Application is made on the accompanying affidavit to recover, by summary proceedings, possession of the premises in question, upon the ground that the defendants are tenants at will or at sufferance of the applicant, and as such, hold over and continue in possession after the expiration of their term, without the permission of the landlord, although the tenancy has expired. The counsel for the defendants ask for the dismissal of the application, on the ground that the affidavit is not sufficient to confer jurisdiction.

The application is made under the provision of the revised statutes, relating to cases where any tenant or lessee at will, or at sufferance, or for part of a year, or for one or more years, shall hold over and continue in possession of the demised premises, or

any part thereof, after the expiration of the term, without the permission of the landlord. (2 *R. S.* 512, § 28.)

At common law, a tenant at sufferance is one that comes into the possession of land, and holds over wrongfully, after the termination of his interest by the *laches* of the landlord. (4 *Kent*, 116.) An estate at will is where one man *lets* land to another, to hold at the will of the lessor. (*Id.* 110.) In the latter tenancy the tenant did not hold wrongfully as in the former. The revised statutes, in reference to these proceedings, have removed the distinction. They declare that, where there is a tenancy at will or by sufferance, "created by the tenant's holding over his term or otherwise" it may be terminated by the landlord giving one month's notice in writing to the tenant, requiring him to remove therefrom. (1 *R. S.* 745, § 7.) And they allow the proceedings now applied for, in the case of " any tenant or lessee, at will or at sufferance, holding over after the expiration of *the term*, without the permission of the landlord." (2 *R. S.* 512, § 28.) What term it means is not expressed, but taken in connection with the provision as to notice, it is fair to consider that it means a term by conventional agreement. The statutes therefore treat the estates at will and at sufferance, thus created, as one and the same kind of estate.

To give jurisdiction the affidavit should substantially establish the fact of conventional relationship of landlord and tenant for a specified term, (5 *Wend.* 281 ; 9 *Id.* 230 ; 17 *Id.* 473 ;) the expiration of the term, the holding over and continuing in the possession without the permission of the landlord, after the expiration and the termination of the tenancy at sufferance thus created, by the month's notice to quit, in writing, having been given, as required by the statute. The affidavit must substantially make a plain, direct and full case. (19 *Wend.* —; 23 *Id.* 96 ; 6 *Hill*, 317 ; 1 *Barb.* 67.) It is in the nature of a plaint or declaration, must be construed as well as the statute with substantial strictness, most against the complainant, and all its facts considered, for the purpose of decision ; its statements, when material, must be consistent, not contradictory or repugnant to each other ; for it is a document verified by oath, made by the party himself, who

is supposed to make the case as favorable as he can, and the basis of an important proceeding.

The affidavit in this case sets forth three several demises by the landlord, who is the applicant, one for a year, viz: from 1st May, 1849, to 1st May, 1850, to Sarah H. Woodruff, the other two successively to Caroline F. Woodruff; one from 1st May, 1850, to 1st May, 1851, and the other from 1st May, 1851, to May 1st, 1852. It avers the entry into possession by Sarah under the first demise, and the entry of Caroline into possession at the expiration thereof under the second demise on 1st May, 1850, being the first of the two several demises to her. Thus far it established the conventional relationship of landlord and tenant, first, between the applicant and Sarah; 2d, at the expiration of her term between him and Caroline; and 3d, at the expiration of Caroline's first term, the renewal or continuance of that relationship between him and her. It, in addition, avers Sarah's continuance in possession from 1st May, 1849, to the present time, and avers her continuance in possession from 1st May, 1850, to May 1st, 1852, without his assent or permission, against his will, and without his knowledge. These two averments are contradictory to those above mentioned, in this, that the one abovementioned states the second demise to Caroline, and her entry into possession on the 1st day of May, 1850, by which the possession on that day and afterwards of Sarah ceased, unless by the permission, or in opposition to the rights of Caroline. If by her permission, it was lawful, and was binding on the landlord, whether with or without his permission or knowledge. Such permission is admitted to have been given by Caroline, by the other averments in the affidavit. It avers Caroline's continuance in possession from May 1st, 1850, *to the present time;* and that from the 1st May, 1852, she has continued in such possession without the assent or permission, and against the will of the landlord. This is contradictory to the previous averment that Sarah continued in possession from 1st May, 1849, to *the present time,* for two *several* possessions at the same time cannot exist; it must be a joint possession, if at all. It avers also, that *Sarah,* from May 1, 1850, *to the present time,* has ta-

ken, kept, and continued in possession by the consent and *per-mission* of, and by collusion with, Caroline: either, 1st. As holding over by herself after the expiration of her term ; or 2d. Under Caroline under and subject to the demises to her, as 1st agent, or 2d subtenant of Caroline, or 3d, in some other manner.

This averment is inconsistent with previous averments, in this, that it is previously alleged, that on that day Caroline, under the first demise, entered into possession, and that she continued in possession from that day to the present time. The two pos-sessions at the same time, in severalty, could not exist; but had Sarah, by the consent and permission of Caroline during the term of the demises to the latter, been in exclusive possession, such possession would have been lawful, and collusion could not be inferred; the possession after the expiration of the demises to her, the holding over, with her, Caroline's, consent or permis-sion, whether with or without collusion, would be unlawful and create the tenancy at sufferance contemplated by the statute. The allegation as to the relationship or manner under which she is alleged to continue in possession, is so variously and ambigu-ously stated as to be too uncertain for any basis of decision. It further avers, that before May 1st, 1852, Oliver Woodruff and the Messrs. Franks came into possession of the premises by the consent or permission of, *and* by collusion with, and under Sarah and Caroline, or *one* of them, and under and subject to the de-mises to *them*, as agents, subtenants of *them*, or in some other manner, and with Sarah and Caroline, have kept and still keep possession from May 1st, 1852, to the present time, without the assent or permission, and against the will of the landlord. This allegation is defective, in this, that it already has been alleged that previous to 1st May, 1852, Caroline was in possession, and Sarah was in possession, severally, both possessions being at the same time, and to, and after that day. This allegation now puts the three additional defendants in possession before, at, and after that day; thus three distinct possessions of the same premises at the same time are alleged. It also states that these three defendants have come into possession under and subject to the demises to Sarah and Caroline. This cannot be, unless they

Wiggin *v.* Woodruff.

came into possession at or before the 1st May, 1850, when the lease to Sarah expired, and under the subsequent leases to Caroline; and this would conflict with the previous allegations that Sarah continued in possession from May 1st, 1849, and Caroline from 1st May, 1850, to the present time. The affidavit then has the averment, that since and from May 1st, 1852, to 3d January, 1853, all the defendants have been in the possession of the premises, as tenants at will or at sufferance of the landlord; that such tenancy has been created by their holding over their terms or otherwise in the manner therein set forth. This averment is erroneous; there is but one term shown by the affidavit to be held over, that is the last term to Caroline; the tenancy at sufferance by the affidavit appears to be created only by the holding over by her and by those in possession with and under her, after the expiration of her term, and not otherwise, in the manner therein set forth. What manner otherwise is therein set forth? It is contended for the defendants, that under the statute, she only can be proceeded against, and that to include those who are subtenants or in possession under her, or jointly with her, is erroneous. This is a position which I deem untenable. The intent of the statute is to put the landlord in full possession; the warrant directs the officer so to do, and to remove all persons from the premises. (2 *R. S.* 515, § 39.) They who hold possession jointly with or under the tenant, may have cause to show against the proceeding. It is from a regard to their rights that they should be made parties.

The holding over can be not only by the tenant's own act personally, but may be by his agent, servant or tenant; the design of the statute is to suppress a mischief: it is not tied up to the original parties; a landlord by purchase from the lessor may resort to the remedy; the sub-tenants or those claiming under the lessee, with or without such lessee holding possession, may be made parties; otherwise the statute may be evaded by a change from the lessee to others. (*Birdsall* v. *Phillips,* 17 *Wend.* 474.) The proceeding is to redress a wrong, and as in other proceedings in tort, some of the defendants may be found guilty and others acquitted. The fact that the other defendants under the

tenant Caroline, do jointly with her, hold over possession, should plainly appear.

The position that the affidavit, if bad in part, is bad in the whole, is met by the assertion that the statements may, like the counts in a declaration, be made in different aspects, and that one allegation being bad, will not vitiate the parts which are good. Both these views may in this case, to the extent expressed be incorrect. The defects must be material, and though the affidavit may be shaped in different aspects, the averments must not be materially inconsistent or contradictory to each other; the affidavit is verified by oath; the whole of it must be taken together. Contradictory averments of material facts cannot be reconciled, and usually are fatal.

The last demise to Caroline is the only one of the three demises necessary to be stated; her possession under it extinguished all other possessions, unless under her; a wrongful possession by the other defendants or any of them during or within the term demised to her, *with her consent*, and simultaneous with her possession, could not be. It would have been sufficient to state the demise to her to 1st May, 1852, and the fact of the other defendants, within the term of that demise, coming into possession, and on its expiration, being jointly with her, and under her, in possession and after the expiration of the term without the permission, &c. of the landlord, holding over. Thus a tenancy at sufferance would have been established, and then the fact that the tenancy thus created had terminated, by the service of notice in writing to quit, pursuant to the statute, might have been shown.

The introduction of averments of the various possessions above mentioned, contradictory as they are to each other, and to the other averments in the affidavit, and the uncertainty of the allegations of facts (and not conclusions) showing how, in what capacity, and in what manner, the several defendants really hold over, are positive defects, and seem to me to amount to such materiality, as to render the affidavit insufficient to confer jurisdiction of the proceedings asked for."

*A. Mathews,* for the plaintiff.

*J. Anthon,* for the defendant.

*By the Court,* EDWARDS, J.   The statute of "summary pro-
ceedings to recover the possession of lands," provides that any
tenant at will, or at sufferance, or for part of a year, or for one
or more years, of any houses, lands, or tenements; and the as-
signs, under-tenants, or legal representatives of such tenant, or
lessee, may be removed, &c.   (2 *R. S.* 512, § 28.)

The affidavit which was presented to the recorder is uncertain,
and contradictory.   It does not distinctly show which of the
persons proceeded against is the tenant, and which of them are
under-tenants.   The only fact which is unequivocally stated is,
that the parties are in possession of the premises in some manner.

It should be distinctly alleged how they are in possession, in
order that the officer before whom the proceedings are had may
judge whether they came within the statutory description.

As the affidavit in this respect is defective, I think that the
recorder was right in dismissing the proceedings.

Judgment affirmed.

[NEW-YORK GENERAL TERM, October 3, 1853.   *Edmonds, Edwards, Mitchell,*
*Roosevelt* and *Morris,* Justices.]