HENRY RUSSELL, Respondent, vs. C. H. SCHURMIER, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

In an action to recover back money paid on a parol contract for the purchase of land, it cannot be shown by parol that a bond for an absolute conveyance of the same lands, between the same parties, was intended as security only for the performance of the parol contract, there being no allegation that the same was made and executed through fraud, mistake or surprise.

Where a party does not object to improper evidence at the time it is offered, he is not necessarily precluded from asking that the same be excluded or withdrawn from the consideration of the jury at any time before the cause is submitted to the jury. The matter must rest in the sound discretion of the court, and when a party asks a correct charge in regard to improper evidence, he is entitled to the same where it does not appear that the opposite party is prejudiced by the delay in making the objection.

Points and authorities by Appellant's counsel.

I. The parol testimony objected to by Appellant's counsel should have been rejected as not competent to establish a contract relative to real estate.

Russell v. Schurmier.

II. The allowing of the Plaintiff to amend his complaint after he had rested, and after Defendant's counsel had summed up to the jury, such amendment materially changing the complaint and not conforming it to any fact proved, was unauthorized by statute or the course of practice, and was an abuse of legal discretion. *Comp. Stats.*, pp. 543–4, sec. 86, st seq.

III. The court erred in refusing the instructions to the jury asked by Defendant, and also in instructions given.

IV. Neither the contract set up in the original nor amended complaint is a void parol contract according to our statute. *Comp. Sts.*, p. 457, sec. 8.

Points and authorities for Respondent.

I. The allowing Plaintiff to amend complaint (on a mere technical point) was matter of discretion. *Compiled Statutes*, 544, top; 4 *Minn.*, 119; *Greenleaf on Evidence, vol.* 1, *sec.* 284; "delivery," &c. 2 *Selden*, 147, 161; 16 *N. Y.*, 336; 2 *Conn.*, 324; 29 *Barbour*, 383. Moreover, it is not enough to plead an estoppel. It is odious. 5 *Barbour*, 364. And if the party *fails* to object to the parol evidence in conflict with it, *when it is offered,* and on *that ground*, he will be considered to have waived it, and taken *issue before the jury on the fact.* Our parol evidence was all let in without any objection to it on that ground. 6 *Minn.*, 160; 3 *Minn.*, 311; 1 *Fairf.*, 350; 5 *Greenl'f. Rep.*, 96; *Greenleaf on Ev., vol.* 1, secs 421, 531; *Chitty's Pl.*, *marg. pp.* 238, 540, 617.

II. In his request Defendant asked the Court to charge the jury (in substance) that they were bound by the estoppel, (we now disregard the point that they were *collaterals, merely for argument,*) but then it was too late, as a jury is not bound by any estoppel after conflicting evidence is before them, except in the case of a judgment for public reasons, and formerly not in such cases. *Greenl'f on Ev., vol.* 1, *sec.* 531. Here the request was well refused—the others were given. But the exception to the charge was too broad to call the attention to any point of error, so that the judge could change or modify it on trial. He

should and must have such an exception or none. *Comp. Sts.*, *p.* 564, *secs.* 55, 56; 3 *Seld.*, 266.

III. Finally, the four verbal contracts were voidable, if not void, (5 *Minn.*, 247, 253,) and as soon as Defendant was in default the vendees could treat it as abandoned and sue for their money—the mere payment of money on taxes will not help it. *Story Eq. Juris.*, 760, 761. And *no* act will take a case out of the statute except on behalf and at request of the party who does or suffers by it. The man who does nothing is not defrauded.

LORENZO ALLIS, Counsel for Appellant.

BRISBIN & WARNER, Counsel for Respondent.

*By the Court*—ATWATER, J.—This was an action brought by Respondent to recover money paid on a parol contract to purchase lands. The complaint alleges that the Plaintiff, with three other persons, entered into a contract with Defendant for the purchase of fifty-two acres of land, at sixty-five dollars an acre; that the Defendant was to have the land surveyed and sub-divided into four parcels of thirteen acres each, and that the Defendant was to give to each of the parties a separate bond, for conveyance of the premises, upon payment of the several notes of the parties, to be executed for the purchase money, the notes to become due in one, two, three and four years from the 15th day of November, 1856. That when the parties met to execute the agreement, the Defendant had ready four joint notes for the parties to sign, and a bond for conveyance to them jointly—that the Plaintiff and his associates refused to sign such notes or accept such bond, as not being in conformity with the agreement. That the Defendant then solicited the Plaintiff and his associates not to throw up said contract of purchase altogether, but to execute and deliver said notes, and receive said instrument as security merely for a few days, until he could survey said lot—to which the parties assented, and executed the notes and received the bond as security,

pursuant to said understanding. The complaint alleges offer of performance on the part of the Plaintiff and his associates, and default on the part of Defendant in making survey and execution of the several bonds. The parties paid Defendant some six hundred dollars of the purchase money, which was endorsed upon the notes. The Plaintiff, before the commencement of the action, had taken an assignment of the interest of two of his associates.

The answer denied the parol agreement set up in the complaint, and alleged the contract of purchase was, that the parties should give their joint notes and accept jointly the bond of Defendant to convey the fifty-two acres, as evidenced by the notes and bond. The cause was tried by a jury, and a verdict rendered for Plaintiff.

In the view taken by the court of this action, the main point in the case is presented in the fourth request to charge made by the counsel for Defendant, and the charge as actually given upon such request. The court was requested to charge the jury, that "if the jury find that there was and still is outstanding between said parties a contract or deed in writing of bargain and sale of the said real estate, subscribed by said Schurmier, whereby the said Schurmier has bargained and sold said real estate to said parties, then said verbal contract between the same parties, respecting the same real estate, is without effect; the said deed in writing must prevail, and the remedy of the Plaintiff, if any he is entitled to, must be sought on said contract or deed in writing. This action, in such case, cannot be maintained, and the jury must find for the Defendant herein. The existence of such outstanding contract or deed in writing is admitted by the pleadings."

With reference to this request the court charged, "that if the jury should find that in fact two contracts existed between the parties, identical in terms, and both in force, one verbal and the other written, the latter would prevail; but if they were variant in terms, and there was a controversy as to which was the real one, as was claimed in this case, then the jury must find which was or is the real one; that the existence of a written instrument was admitted in the pleadings, but not that it was the contract between the parties, nor the one alleged in the complaint to have

been the real contract between the parties. This latter question was for the jury to determine."

We think the Defendant was entitled to the charge substantially in the terms requested by him, and that the learned Judge erred in the charge as given to the jury. The complaint alleges that there were two contracts between the parties respecting the sale of this real estate, variant in terms, one of which was verbal and the other in writing. Had these facts only appeared, the proof of the verbal contract should have been rejected, on the ground that the written contract must govern the parties, and that parol proof cannot be received contradictory thereto. But the Plaintiff seeks to escape the effect of this rule by alleging that the written contract was given as security, that is, for a different purpose from what it purports to have been given from the terms thereof. This is, in effect, contradicting the terms of the instrument, that is, permitting a different contract to be shown from that embodied in the instrument itself. If this may be done, the statute requiring all contracts relating to real estate to be in writing would be of little effect, and the evils which it was designed to prevent would, to a great extent, remain unchecked.

There are cases which hold that it may be shown by parol that a conveyance absolute on its face was intended as a mortgage, or that a bond was intended as collateral security, &c. Without attempting to discuss the correctness of those decisions, I do not think the Plaintiff brings himself even within the rule applicable to those cases. I think in none of those cases has it been held that it could be shown that the instrument was not valid and effectual for some purpose, and that the legal obligation created thereby might be enforced. The proposition of the Plaintiff here is in terms to show that these notes and the bond were given as security, but in effect it is to show that they have no legal and valid force for any purpose, that they became *functus officio* when the Defendant refused to perform the parol agreement set up in the complaint. And the charge of the Judge to the jury instructed them, in effect, that they were to determine whether these written instruments were of any force, that is, whether it

Russell v. Schurmier.

"was the real contract" between the parties with reference to this real estate    If the jury could find that these instruments were not the real contract between the parties, it must follow that they are without effect, and cannot be enforced by either party.

But it is deemed unnecessary to discuss the question at length, as this court has already decided it in *McClane vs. White*, 5 *Minn.*, 178, where the point was distinctly raised and fully argued.    In that case it was proposed to show by parol, that an assignment of a bond absolute on its face was intended as security only.    In that case it was held that "parol evidence cannot be received in a court of law to show that a deed of lands or conveyance of personal property absolute was intended as a mortgage, nor even in a court of equity, except upon the ground of fraud, mistake or surprise in making or executing the instrument. The offer in that case was in substance the same as that in the case at bar, and the rule there laid down must also govern this case.    See also, 1 *Minn*, 261.

But it is objected by the Respondent that this evidence should have been objected to by Defendant at the time it was offered, and that after it has once been submitted to the jury, the counsel cannot ask to have it excluded from their consideration    The Defendant did object to this evidence at the time it was offered, but not upon the correct ground, and consequently was not then entitled to its exclusion.    But before the cause was submitted to the jury he objected to it again (in his request to the court to charge), and upon the right ground, and such objection was in time.    The best practice doubtless would be to make the proper objection at the time the evidence is offered; but in case that is not done, we are not aware that the rule is that he shall be held to have waived the right of objection or be precluded from offering it before the cause has been submitted to the jury.    It not unfrequently occurs that at the time evidence is offered it is impossible to determine whether it is or will be material and competent or not; and the adoption of such a rule would, in many cases, certainly defeat the ends of justice.    At the same time it is probably true that in some cases it would be improper to permit

a party to lie by without objection at the time improper evidence is introduced, and urge its exclusion after all the evidence is in. This however manifestly is not such a case, and it is impossible to see in what manner the Plaintiff is prejudiced from the delay in asking the evidence to be excluded until the case was ready to be submitted to the jury  Perhaps no general rule can be laid down on the subject, but each case must rest, to some extent at least, in the discretion of the Judge trying the case.   The evidence here was not submitted to the jury on the ground that the objection to it came too late, but because, in the opinion of the court, it was proper testimony for the jury to consider.

The judgment below is reversed, and a new trial granted.