THE PEOPLE, *ex rel.* Roberts, *vs.* MATTHEWS.

The affidavit which is the foundation of "summary proceedings to recover the possession of lands" should make out a plain case, and should not be uncertain, or contradictory.

If it shows neither the relation of landlord and tenant, nor that any particularly specified term of the defendant has expired, the summons will be unauthorized, and all subsequent proceedings void.

Where an affidavit of the service of the summons stated that the service was made "by leaving a true copy of the same with a person who said he belonged there, at *his* last or usual place of residence, with a person of mature age, who, at the time of said service, was on said premises and resided thereon, said tenant being then absent from his last or usual place of busi-

The People *v.* Matthews.

ness;" *Held,* that the affidavit was defective, as not showing that the copy was left with a person of mature age at the last or usual place of residence of *the tenant.*

CERTIORARI, to remove summary proceedings taken before a justice of the district court in the city of New York, to recover the possession of lands. The affidavit upon which the proceedings were instituted was as follows:

"City and county of New York, ss. Gilbert H. Comstock being duly sworn says, that he is the agent for Edward Matthews, who is the landlord of premises No. 80 Broadway, in respect to the premises now in the occupation of the said Sidney D. Roberts, in the city of New York, and described as follows, to wit: all that building situated at No. 80 Broadway, in the city of New York. And this deponent further saith, that on or about the first day of May, 1863, the said premises were leased to the said Roberts, by Walter L. Cutting, then owner of said premises; that said premises were afterwards purchased by one Edward Matthews, the present landlord and owner thereof, for the term of one year, commencing on the first day of May, 1863, and ending on the first day of May, 1864, which said term has expired; and that the said Sidney D. Roberts holds over and continues in possession of the said premises, without the permission of the landlord, after the expiration of his said term therein."

Upon presenting this affidavit, a summons was issued, by the justice, requiring the alleged tenant to show cause before him, on the 6th of May, 1864, why the possession of the premises should not be delivered to Matthews. Upon proof, by affidavit, of the service of this summons, the justice rendered a judgment in favor of the landlord, for the possession of the premises, by reason of the non-payment of rent; and that a warrant issue to remove the tenant, and to put the landlord in possession. Such warrant was accordingly issued, and duly executed.

The petition for the writ of certiorari alleged, that the proceedings were fraudulent, irregular, erroneous and void, for

the following reasons : *First.* That the petitioner was enti-
tled to the possession of the premises, under the lease
above mentioned, until the first day of May, 1865. *Second.*
That the affidavit presented to the justice, and on which he
issued the summons, was fraudulently and cunningly worded,
and altered so as to deceive the justice, and did not present
to the said justice a case for the issuing of said summons.
*Third.* That no legal service was ever made of the summons,
and that the affidavit of service of the said summons did not
show any sufficient legal service of the summons on the peti-
tioner, and did not confer jurisdiction on the justice to issue
the warrant thereupon issued by him.

*Nelson J. Waterbury,* for the relator.

*E. Pierrepont,* for the respondent.

SUTHERLAND, J.   The affidavit on which the summons
was issued did not show, or state facts to show, that the
relation of landlord and tenant existed between Matthews
and Roberts.   It is difficult to make sense of the affidavit,
but the only reading it is susceptible of, is to the effect that,
about the 1st of May, 1863, Walter L. Cutting, then owner
of the premises, leased them to Roberts, (without stating
any term ;) that afterwards, Matthews purchased them for
the term of one year, commencing on the 1st day of May,
1863, and ending on the 1st day of May, 1864, which term
had expired, and that Roberts holds over, &c. without the
permission of his landlord, after the expiration "of his said
term therein."

I know that bad grammar merely, does not vitiate a writ-
ten instrument; but a court has no right to transpose sen-
tences, or parts of a sentence, or open a sentence and take out
of its middle a portion of it, and put it on to either end, or
in a different position, so as to give the instrument or the
sentence a different meaning from that which it had when
made, or when presented to the court.

The People *v.* Matthews.

The affidavit showing neither the relation of landlord and tenant, nor that any particularly specified term of Roberts had expired, the summons was unauthorized, and all subsequent proceedings were void.

The affidavit which is the foundation of the "summary proceeding to recover the possession of lands," should not be uncertain, or contradictory. (*Wiggin* v. *Woodruff*, 16 *Barb.* 474.) The preliminary affidavit should make out a plain case. (*Hill* v. *Stocking*, 6 *Hill*, 317.) In this last case Judge Bronson says, at the conclusion of his opinion: "These proceedings must be carefully watched, or they will be turned into the means of working injustice and oppression."

Again: I think the affidavit of the service of the summons was defective. The affidavit states that the service was made on Roberts by leaving a true copy of the same with a person who said he belonged there, at *his* last or usual place of residence, with a person of mature age, who, at the time of the said service, was on said premises and resided thereon, said tenant being then absent from his last or usual place of business." I have more doubt on this point, but upon the whole, I do not think it would be safe to hold that the affidavit shows that the copy was left with a person of mature age at the last or usual place of residence *of Roberts.* (*See Cameron* v. *McDonald*, 1 *Hill*, 512.)

I think the summary proceedings should be reversed.

It not appearing, from the return, that Roberts held for any particular term, or that his term has expired, I think restitution should also be awarded to the relator with costs.

Leonard, J. concurred.

Geo. G. Barnard, J. I think the landlord's affidavit insufficient. On this ground I concur.

Proceedings reversed.

[New York General Term, November 7, 1864. *Leonard, Geo. G. Barnard,* and *Sutherland* Justices.]