### CASPER H. SCHURMEIER vs. GUSTAF JOHNSON et al.

At the proper time on the trial in the Court below, the plaintiff's counsel submitted to the Court five distinct propositions or requests—*separately numbered*, and asked the Court to charge the jury as therein requested. The Court took up the propositions and ruled upen them *separately*, denying or modifying each. The plaintiff's counsel " excepted to said refusals and modifications and to said instructions as given." *Held*—that this exception applied to the ruling of the Court in *each* proposition, and was therefore sufficiently specific.

As a general rule a verdict does not operate as an estoppel until it has received the sanction of the Court and has passed into a judgment.

In the absence of fraud or mistake, parol evidence is inadmissible at law or in equity to vary a written contract.

This action was commenced in the District Court of Ramsey County. The complaint sets out, with the usual averments, a cause of action upon four promissory notes executed by the defendants and one Anderson (since deceased) to the plaintiff, bearing date November 15, 1856, each for $695 with interest, and

becoming due in one, two, three and four years respectively.

The defendants set up two defences:

1. That the defendants and said Anderson entered into a parol contract with the plaintiff for the purchase of certain lands, by the terms of which plaintiff was to subdivide the same into thirteen acre tracts, and execute a bond to each of defendants and said Anderson for one of those tracts, and take the several notes of each for the unpaid purchase money; that afterwards the plaintiff presented joint notes for the said purchase money for them to execute, and a joint bond to all the purchasers for the whole tract, and requested them to execute the notes and hold the bond as *security merely*, and in the following spring he would have said lands surveyed and carry out the original contract; that relying upon the said promise of plaintiff, and in consideration thereof, the said purchasers paid on account of their several purchases about $644.50, executed the notes (those in suit), and received the bond *as security* as aforesaid; that defendants were always ready to perform said original contract, but plaintiff has neglected and refused (though often requested) to perform the same on his part.

2. That a suit was commenced by one of defendants (the other purchasers transferring their interest in the matter to him) against said plaintiff, to recover back the purchase money paid and cancel said notes, in which plaintiff appeared, and upon the trial had therein, verdict was rendered by a jury in favor of said defendant, (the plaintiff in said action); that the matters determined in said suit are the same that plaintiff seeks to litigate in this.

The plaintiff by his reply puts in issue the first defence. The action came on for trial at the October term, 1863; evidence was introduced on the part of the defendants tending to prove, among other things, the parol contract set out as matter of defence; at the close of the testimony the plaintiff, by his counsel, submitted *five* distinct propositions, separately numbered, and asked the Court to charge in accordance therewith. The fifth proposition is as follows: "No verbal understanding or agreement made prior to or contemporaneous with the execution of these notes can be considered by the jury, for the purpose of varying or contradict-

ing the terms of these notes." The Court ruled upon each proposition, denying or modifying each,—upon the fifth as follows: "This is correct as a general rule, but is not applicable to the case if the jury find that the notes in suit were only delivered as security for the performance of the verbal contract as alleged by the defendants." Thereupon the plaintiff's counsel excepted "to the said refusals and modifications, and to said instructions as given." The jury returned a verdict for the defendants. The plaintiff moved the Court for a new trial, which motion was denied, and from the order denying the same the plaintiff appeals to this Court.

LORENZO ALLIS for Appellant.

BRISBIN & WARNER for Respondents.

*By the Court*—WILSON, C. J.—At the proper time on the trial below the plaintiff's counsel submitted to the Court five distinct propositions or requests—separately numbered—and asked the Court to charge the jury as therein requested.

The Court took up these propositions and ruled upon them separately—denying or modifying each. The plaintiff's counsel "excepted to said refusals and modifications and to said instructions as given." As a preliminary question it is insisted that this exception is not sufficiently specific to be available to the plaintiff, and therefore that the correctness of the charge is not a question properly before the Court. It is doubtless incumbent on him who excepts to the ruling or charge of a Court, to unmistakably point out the error complained of so that if committed inadvertently it may be corrected—nothing more than this can be required—and this we think was done in this case. The plaintiff's counsel submitted to the Court several distinct legal propositions, the Court passed upon them separately, and the exception must be understood as applying to the ruling of the Court on *each* proposition. This is the fair import and meaning of the language used. *See* 1 *N. Y. Practice*, (*Tif. & S.*,) 582–3; *Dunckel vs. Wiles*, 11 *N. Y.*,

(1 *Ker.*,) 420; *Willard vs. Warren*, 17 *Wend.*, 259; *Merritt vs. Seaman*, 6 *N. Y.*, (2 *Seld.*,) 175; *Jones vs. Osgood, Id.*, 234.

The defendants claim that there has been a former adjudication of the subject matter of this action, but they fail to sufficiently plead such former adjudication in their answer. A verdict in such case does not operate as an estoppel until it has received the sanction of the Court, and has passed into a judgment. 2 *Smith's Leading Cases*, 687; *Donaldson vs. Jude*, 2 *Bibb.*, 60; 1 *Greenleaf's Ev., Sec.* 510; 1 *Starkie's Ev.*, 297; *Shaeffer vs. Kreitzer*, 6 *Bin.*, 430.

We now come to the consideration of the charge of the Court. The fifth proposition or request submitted by the plaintiff's counsel was in the following language:

"No verbal understandings or agreements made prior to or contemporaneous with the execution of these notes, can be considered by the jury for the purpose of varying or contradicting the terms of these notes." The Court in refusing to charge as thus requested said, "This is correct as a general rule, but is not applicable to this case, if the jury find that the notes in suit were only delivered as security for the performance of the verbal contract as alleged by the defendants."

It is a rule well settled that in the absence of fraud or mistake, parol evidence is inadmissible at law or in equity to vary a written contract—such contract can not be varied, explained away or rendered ineffectual by parol proof of any conversation or stipulation prior to or contemporaneous with its execution. It is conclusively presumed to set forth the whole agreement of the parties, and the extent and manner of their agreement. *Parkhurst vs. Van Cortland*, 1 *John. Ch.*, 282; 1 *Greenleaf's Ev., Sec.* 275.

The Court below while it recognized the correctness of this general rule, seemed to think it inapplicable in this case; but this has been otherwise and we think correctly decided in a case between these parties involving this very question. *See Russell vs. Schurmeier*, 9 *Minn.*, 28. It is true that fraud vitiates and renders null a contract, and that parol evidence may be received to show the existence of such fraud; but in this case the charge ex-

cepted to was given unqualifiedly and without any reference to the question of fraud, and it is not pretended that there was any surprise or mistake as to the terms of the notes or bond.

This point is decisive of the case and renders unnecessary any further examination of the charge.

The order appealed from is reversed and new trial ordered.