Daniels, J.
The action was prosecuted to recover the damages sustained by the plaintiff by a personal injury occasioned by falling into the basement of the *307 remains of a house situated upon premises owned by the defendant. Upon these premises a building existed, which was used as a school, at which the plaintiff was in attendance as a pupil. The place in which the injury was received was upon a portion of the grounds immediately in the rear of the school building; at the side of it were grounds connected with the school, the grade of which had been reduced to the level of the adjacent street, while that upon which the remains of the house existed had not been changed from its natural condition. The side of it was abrupt, and it extended to a height of nearly twenty feet. A stairway remained upon the side from about three feet above the level of the graded ground to the upper part of the old basement. This basement had a window in one end and a door at the other. The plaintiff, with one or more of the other pupils, was playing upon the ground, and he ran up these stairs to the window, through which he slipped and fell into the basement, and he was caught in his fall by an iron hook which inflicted a painful and serious wound upon his face. It has been urged in support of the dismissal of the complaint that the defendant was in no way concerned in carrying on the school, and for that reason that the action could not be maintained against him. But this point was not taken at the trial, for the motion to dismiss the complaint was placed solely upon the ground that the plaintiff had not proven any cause of action. If a cause of action was made out, it was not suggested that the suit could not be sustained against the defendant. The trial also proceeded upon the assumption that he was the party who was liable, if any person was responsible , for the injury. In the complaint it was alleged that he was the owner of the property, and that it was used by him, his agents and servants, for the purposes of a school, and by his answer he admitted that he was the owner of the premises. Other admissions were also *308 contained in the answer, united with affirmative allegations of fact exonerating the defendant from liability. These were followed by a specific denial of other portions of the complaint, and then it was stated that the defendant denied every allegation not before admitted or denied.
There was no general denial of the complaint, and this division of the answer was not a specific denial, as it should have been if the defendant by means of it intended to controvert the allegation that he used the premises for the purpose of a school. As the provisions of the Code have been formed upon the subject, where the complaint is not generally denied, the defendant is required by his answer to indicate the part of it intended to be controverted. The denial, as it has been authorized, must be specific ; that is, if must be made in such terms as will enable the plaintiff to know, .by the language made use of, the particular portion of the complaint to which it is intended to be directed. It is not sufficient to deny such portions as are not otherwise admitted or avoided. The Code has not provided for that mode of pleading, but the purpose and intent of the provision made upon this subject is to oblige the party making his denial to direct his answer to the specific allegation intended to be controverted, and to do that in such a manner as to enable the court, as well as the other party to the action, to see at once what the facts are upon which issue is intended to be taken. The language made use of by the Code upon this subject is consistent with no other construction (Code, § 500). Its object is to enable the other party and the court readily to discover the allegations upon which the disposition of the action must depend. A plain and direct denial can alone be specific, as the Code has required it to be, when no general denial is contained in the answer; and this was not a compliance with that requirement. It may be properly assumed, therefore, *309 in the present consideration of the case, that the school was carried on either directly or indirectly by the defendant.
[The court then reviewed the merits and held that it was proper in plaintiff’s parent to allow him, he being about thirteen, to attend school alone, and to exercise control over his own movements while there ; that the plaintiff was lawfully upon the premises, and that as he was there in the capacity of a pupil in attendance upon the school, the obligation existed upon the party carrying it on to observe reasonable and proper care in keeping the premises in such a condition that they might be used, as they would ordinarily be expected to be used by him, without probable risk to his personal safety; that this obligation appeared not to have been observed; and that the plaintiff was required to use only that degree of care and caution which might reasonably be expected from a person of his age and experience.
The court also held that the evidence did not justify the conclusion as a legal deduction that there was negligence on plaintiff’s part.]
Judgment reversed and a new trial ordered, with costs to abide the event.
Davis, P. J., and Beady, J., concurred.