Potter agt. Frail.

## SUPREME COURT.

DIANA POTTER agt. ELMER FRAIL and ARTHUR BURNS.

*Answer — Denial in, when insufficient — Code of Civil Procedure, section 500.*

A denial in an answer as follows: "Defendant denies each and every allegation, averment and statement of the complaint, except such as are hereinafter admitted, qualified and explained," is bad whenever the objection is raised by demurrer or special motion.

*Cortland Special Term, May,* 1884.

*Robert T. Johnson,* for plaintiff.

*Edwin D. Wagner,* for defendant.

FOLLETT, J. — The plaintiff moves for an order correcting the answer upon the ground that the denials interposed are not authorized by Code of Civil Procedure (*sec.* 500). The answer "denies each and every allegation, averment and statement thereof, except such as are hereinafter admitted, qualified and explained."

If any rule of pleading can be settled by legislative enactment, and by a long line of judicial decisions, it must be regarded as settled that a denial in this form is bad whenever

Potter agt. Frail.

the objection is raised by demurrer or special motion (*Code Civil Pro.*, sec. 500; *People* agt. *Northern R. R. Co.*, 53 *Barb.*, 101–122; *affirmed*, 42 *N. Y.*, 217; *People* agt. *Snyder*, 41 *N. Y.*, 400; *Chamberlin* agt. *The American National Life and Trust Co.*, 5 *N. Y. W. Dig.*, 128; *Hammond* agt. *Earle*, 5 *Abb. N. C.*, 105; *McEncroe* agt. *Decker*, 58 *How.*, 250; *Bixby* agt. *Drexel*, 9 *Reporter*, 630; *Miller* agt. *McClosky*, 1 *N. Y. Civil Pro. R.*, 252; *S. C.*, 9 *Abb. N. C.*, 303; 13 *N. Y. W. Dig.*, 51; *Clark* agt. *Dillon*, 4 *N. Y. Civil Pro. R.*, 245; *S. C.*, *McCarty*, 73; *Leary* agt. *Boggs*, 3 *N. Y. Civil Pro. R.*, 227; *Scott* agt. *Royal Exc. Shipping Co.*, 5 *Monthly L. B.*, 64; *Luce* agt. *Alexander*, 4 *N. Y. Civil Pro. R.*, 428; *Pomeroy's Remedies and Remedial Rights*, secs. 633–636; *Moak's Van Santvoord's Pleadings*, chap. 5, sec. 2).

*People* agt. *Northern Railroad Company*, *Clark* agt. *Dillon*, *Bixby* agt. *Drexel* and *Luce* agt. *Alexander* arose on judgments ordered for the plaintiffs on the ground that such a denial did not put in issue the allegations in the complaint. The other cases arose on special motions, applications for injunctions, receivers, &c. In justification for this form of miscalled general denial the following cases are often cited, but they do not sanction the practice when the objection is raised before trial (*Allis* agt. *Leonard*, 46 *N. Y.*, 688, reported in full 22 *A. L. J.*, 28; *Hallan* agt. *Calhoun*, 25 *Hun*, 155; *McGinnis* agt. *The Mayor*, 13 *N. Y. W. Dig.*, 522; also reported, but not on this point, 26 *Hun*, 142; *Burley* agt. *German American Bank*, 5 *N. Y. Civil Pro. R.*, 172). In these cases the objection was raised on the trial on motion for judgment, or by objecting to evidence, and they are in accordance with *Greenfield* agt. *Massachusetts Mutual Life Insurance Company* (47 *N. Y.*, 430).

In *Haines* agt. *Herrick* (90 *Abb. N. C.*, 379) the distinction between the cases was not observed. The Code seems to be so plain in this respect as not to require elucidation. A general denial is proper only when the whole complaint, or if the

complaint contains more than one cause of action, when one of the counts or causes of action can be wholly denied. A specific denial is proper when the complaint, or one of the causes of action, cannot be wholly denied, in which case such portions of the complaint may be denied as can be, and the remainder stand admitted by the failure to deny.

After the denials, new matter, if any, constituting a defense or counter-claim should be set forth. New matter constituting a defense is that which avoids or discharges the cause of action alleged in the complaint (*Stoddard* agt. *Onondaga, &c.,* 12 *Barb.,* 573; *Bell* agt. *Yates,* 33 *Barb.,* 629; *Pomeroy's Remedies and Rights, secs.* 690 *to* 692.) Mitigating circumstances, if any, tending to reduce damages should then be set forth, and " expressly stated to be a partial defense" (*Code Civil Pro., secs.* 508, 536, 3343, *subd.* 9).

These are plain rules, easily understood, but often disregarded, to the great hindrance of justice, unnecessarily protracting trials, and rendering the application of supreme court rule No. 20 impracticable. The general denial is stricken out.