JOHN BAGLEY *vs.* ALEXANDER STERNBERG and others.

February 3, 1886.

**Unlawful Detainer — Dispossessing Under-Tenant.** — An under-tenant, in possession of demised premises under a lease from the original tenant, cannot lawfully be dispossessed, in proceedings under the statute relating to forcible entry and unlawful detainer, by the landlord against the tenant, to which such under-tenant is not made a party.

**Same — Parties.** — The action may proceed jointly against the tenant and any and all under-tenants.

**Same — Servants of Tenant.** — The occupation or possession of the family, servants or agents of the tenant will be construed to be his possession.

**Same — Treble Damages for Wrongful Eviction.** — Where a tenant or under-tenant is wrongfully and forcibly ejected from the leased premises, he may recover treble damages under the statute, or may proceed, as in an ordinary action of trespass, for the recovery of damages actually suffered by him, including special damages to his property.

Plaintiff brought this action in the district court for Ramsey county, to recover for alleged wrongful ejectment by defendants from certain premises in St. Paul. The complaint alleges a written lease of the premises by defendant Sternberg to George Bagley and one Pritchard for two years from May 15, 1884; an entry by the lessees on that day; an assignment by George Bagley to Pritchard of all his interest in the lease; a subsequent under-lease by Pritchard of all the premises to the plaintiff, who entered on January 2, 1885, and remained in exclusive possession until he was forcibly evicted by defendants on January 29, 1885.

The answer alleges that the lease to George Bagley and Pritchard contained a covenant against subletting; that on January 15, 1885, those lessees were in default in payment of rent; that the defendant Sternberg thereupon brought suit under the unlawful detainer act (Gen. St. 1878, c. 84, § 11) in the municipal court of St. Paul to dispossess them, in which action the summons was personally served on both George Bagley and Pritchard, and such proceedings were thereafter had that a judgment for restitution was duly entered, and a writ of

restitution issued; and that the eviction complained of was made by defendant Dowlan, (a duly-qualified officer,) by virtue of such writ, peaceably and without violence. The reply admits the proceedings in the action, including the issue of the writ, and that Dowlan was an officer.

The cause being called for trial before *Wilkin*, J., the defendants moved for judgment on the pleadings. The motion was granted, judgment entered, and the plaintiff appealed.

*Thomas Canty*, for appellant.

*John B. & W. H. Sanborn*, for respondents, cited *Mattox* v. *Helm*, 5 Litt. (Ky.) 186; *Higginbotham* v. *Higginbotham*, 10 B. Mon. (Ky.) 369; *Ex parte Black*, 2 Bailey, (So. Car.) 8; *Farnsworth* v. *Fowler*, 1 Swan. (Tenn.) 1; *Township of Union* v. *Bayliss*, 40 N. J. Law, 60; *Upton* v. *Wells*, 1 Leonard, 145.

VANDERBURGH, J. Under Gen. St. 1878, c. 84, § 11, proceedings as for an unlawful and forcible detainer may be instituted by a landlord against his tenant wrongfully holding over, and also against the person holding possession of the demised premises under such tenant. *Judd* v. *Arnold*, 31 Minn. 430.

The question here presented is whether an under-tenant who is in possession under a lease from the tenant can be lawfully dispossessed in such proceedings against the tenant, where the under-tenant is not made a party. We think this question must be answered in the negative. The statute contemplates that the proceedings should be taken against the under-tenant in such cases. The practice should be the same as in ordinary cases of unlawful and forcible detainer, and the complaint and writ of restitution should run against the persons in possession, actually detaining the premises. *Leindecker* v. *Waldron*, 52 Ill. 283. The action may also proceed jointly against the original tenant and any and all under-tenants, the object being to put the landlord in complete possession in one proceeding. *Judd* v. *Arnold, supra; Emerick* v. *Tavener*, 9 Grat. 220. The proceedings are summary, and persons holding jointly with or under the tenant may have cause to show against them, though the original tenant fails to interpose any defence. Such persons should therefore be made parties. *Wiggin* v. *Woodruff*, 16 Barb. 474; *Hill* v. *Stocking*,

6 Hill, 314; *Croft* v. *King*, 8 Daly, 265; *Clark* v. *Barker*, 44 Ill. 349; *Orrick* v. *St. Louis*, 32 Mo. 315; Freeman on Executions, § 475.

The occupation or possession of the family, servants, or agents of the tenant will, of course, be construed to be the possession of the tenant,—*Davis* v. *Woodward*, 19 Minn. 137, (174;)—and the action of the landlord should not be defeated by any mere colorable or collusive change of possession, or an entry of a subtenant, *pendente lite.*

In the action of ejectment at common law, it was held sufficient to serve notice to quit upon the original tenant. There is no privity between the landlord and an under-tenant, and the former was entitled to proceed against the tenant for the restoration of the premises, and recover costs against him. *Emerick* v. *Tavener, supra;* Adams on Ejectment, *130; *Roe* v. *Wiggs*, 2 Bos. & Pul. (New Rep.) 330. But under that practice the suit was in form against the casual ejector, and the declaration (in *Doe* v. *Roe*) was required to be served as well upon the under-tenant as the tenant. *Doe* v. *Cock*, 4 Barn. & C. 259; Adams on Ejectment, *235, margin; Id., Forms, *351, *352. And, under recent statutes doing away with the old forms in ejectment, the action is generally required to be brought against the person in the actual possession of the premises. 3 Wait, Act. & Def. 81. We think, therefore, that the plaintiff was not, in so far as the facts admitted on the face of the pleadings show, concluded by the proceeding in forcible entry set forth in the answer.

2. The plaintiff seeks to recover treble damages under Gen. St. 1878, *c.* 75, § 50. The defendants contend that the action must fail because the allegations in the complaint are insufficient to warrant a recovery under that section; but, in any event, we think the plaintiff is not limited to an action for treble damages, but may recover in an ordinary action of trespass if the facts warrant; and for this, at least, the complaint is sufficient.

Judgment reversed, and cause remanded for further proceedings.