46 115<br>66 148

MARTIN PETERSON *vs.* A. R. RUHNKE, impleaded.

April 23, 1891:

Legal and Equitable Action—Right to Jury Trial—Waiver.—Where the complaint contains both an equitable and a legal cause of action the defendant is entitled to a trial by jury of the latter, but if the case proceeds to trial by the court without objection he will be deemed to have waived a jury.

Pleading—Reply Denying "New Matter."—A reply, in terms denying specifically each and every allegation of new matter in the answer, is not so uncertain as to warrant the court in disregarding it at the trial.

Lease—Surrender—Evidence.—Evidence *held* insufficient to prove the surrender of a lease.

Appeal by defendant Ruhnke (impleaded with Johnston Mealey) from an order of the district court for Hennepin county, refusing a new trial after a trial before *Lochren*, J., and judgment ordered for plaintiff for correction of a written lease and for $66 rent. The joint answer of the defendants, besides denials, contained an averment that on a day named "said plaintiff took possession of said premises, and these defendants surrendered possession thereof to said plaintiff, and said plaintiff has ever since had possession and control thereof, and these defendants have in no manner occupied

the same." The reply was as follows: "Plaintiff, replying to the answer of the defendants herein, specifically denies each and every allegation of new matter and thing in said answer contained and alleged."

*Christensen & Tuttle,* for appellant.

*Gjertsen & Rand,* for respondent.

VANDERBURGH, J.[1]  This action is brought to reform a written lease, and also to recover rent due. The case was tried by the court. Upon the evidence the facts were found in plaintiff's favor, and judgment was ordered accordingly. The defendant asks for a new trial on the grounds (1) that the complaint does not state a cause of action; (2) that the reply raises no issue, and (3) that the findings of fact are not sustained by the evidence. Upon the facts alleged and found we see no reason why the plaintiff was not entitled to the relief sought. It is true the plaintiff joins with the equitable cause of action a legal one for the recovery of rent, and as to this last cause of action the defendant was entitled to a trial by jury; but he did not ask a trial by jury, but submitted the case to the court without objection. It is now too late to raise any objection to the complaint or mode of trial. *Lace* v. *Fixen,* 39 Minn. 46, (38 N. W. Rep. 762;) *Greenleaf* v. *Egan,* 30 Minn. 316, (15 N. W. Rep. 254.)

No objection was made to the reply till the case came on for trial. The objection is that it is evasive, and not sufficiently specific. Where no attempt is made to correct pleadings by motion or otherwise before the trial, every reasonable intendment will be made in their support. The purpose of the pleader to put in issue the new matter set up in the answer is evident, and it is clear that the defendant could not. be misled. Assuming that the pleading was objectionable, the remedy was by special motion to correct it, and not by disregarding it, or by the exclusion of evidence at the trial. *Greenfield* v. *Mass. Mut. Life Ins. Co.,* 47 N. Y. 430; *Burley* v. *German-American Bank,* 111 U. S. 216, (4 Sup. Ct. Rep. 341;) *Potter* v. *Frail,* 67 How. Pr. 445; *Welch* v. *Bradley,* 45 Minn. 540, (48 N. W.

[1] Mitchell, J., took no part in this case.

Rep. 440.) There was evidence sufficient to support the findings. The court was justified in finding that there had been no surrender of the lease. *Dayton* v. *Craik,* 26 Minn. 133, (1 N. W. Rep. 813.)

Order affirmed.