S. K. SORENSON v. OLE N. TORVESTAD.[1]

April 14, 1905.

Nos. 14,353—(123).

**Justice of the Peace—Title to Real Estate.**

A justice of the peace has no power to certify a cause to the district court, under G. S. 1894, § 4991, until the title to real estate comes in issue on the evidence. The fact that the pleadings show such issue is not sufficient.

**Jurisdiction of District Court.**

The improper certification of a cause to the district court under that statute ousts both courts of jurisdiction, and the district court has no authority to remand the same to the justice for trial. The only order the district court can make in such case is one of dismissal.

Appeal by plaintiff from a judgment of the district court for Polk county, entered pursuant to an order of Watts, J., dismissing the action for want of jurisdiction. Affirmed.

*L. E. Gossman,* and *H. L. Gaylord,* for appellant.

*G. F. Cashman,* for respondent.

BROWN, J.

This action was brought in justice court to recover the possession of certain crops raised on land to which both parties by their pleadings claimed the right of possession. The complaint alleged that the land on which the grain was raised was owned by one Miller, and plaintiff claimed the right of possession thereof under a lease from him. Defendant denied the ownership of Miller; alleged title to the land in one Schneider, and that he held possession thereof under a lease from him. After issue was thus joined, and before any evidence was taken in support of the allegations of the complaint or the answer, on motion of plaintiff the justice certified the cause to the district court on the ground that the title to real property was involved. The action was dismissed in the district court for want of jurisdiction; the precise point being that the cause was prematurely certified by the

[1] Reported in 103 N. W. 15.

justice; that the justice had no right, under the statutes, to certify the case until the title of real estate became involved on the evidence. From the judgment of dismissal, plaintiff appealed.

The district court was clearly right in dismissing the case. G. S. 1894, § 4991, under which the justice acted in certifying the cause to the district court, provides that "if it appears on the trial of any action before a justice of the peace from the evidence of either party that the title to real estate is involved, which title is disputed by the other party," the justice shall certify the cause to the district court. This statute is plain and unambiguous, and was construed in Goenen v. Schroeder, 8 Minn. 344 (387), where it was held that a justice has no power to certify a cause to the district court until the title to real estate comes in question on the evidence. This decision is in strict accord and harmony with the statute. And though some doubt was expressed as to its soundness, and an attempt was made to explain it in Merriam v. Baker, 9 Minn. 28 (40), it has been consistently followed in several subsequent cases. Steele v. Bond, 28 Minn. 267, 9 N. W. 772; State v. Cotton, 29 Minn. 187, 12 N. W. 529; Radley v. O'Leary, 36 Minn. 173, 30 N. W. 457. It has become the settled law of the state, and, if a change of the rule is to be made, the legislature should make it. The argument of counsel that, when the pleadings clearly show a controversy as to the title to real estate, the parties should not be put to the expense of summoning witnesses to prove the fact by oral evidence, is met and overcome by the suggestion that a defendant should not have it in his power to oust a justice of jurisdiction by interposing in his answer a fictitious issue of title.

There is no force in the contention of appellant that the affidavit presented to the justice on the motion for an adjournment of the case, disclosing that certain absent evidence tending to show a dispute respecting the title, might properly have been treated as evidence that the title to the land was involved, and justification of the act of the justice in certifying the case to the district court. The affidavit could have no greater effect in this direction than the pleadings. Nor can we adopt the argument that the district court should, instead of dismissing the action, have remanded it to the justice for trial. Our statutes do not sanction a practice of this kind, and the district court prop-

erly declined to so order. The improper certification of the case to the district court ousted both courts of jurisdiction.

Judgment affirmed.