## ROGERS *v.* STATE.

### Opinion delivered March 4, 1918.

1. LIQUOR—UNLAWFULLY RECEIVING SAME.—An indictment held valid which charged that the defendant " did unlawfully receive for storage, distribution or on consignment for another alcoholic liquors * * *"

2. TRIAL—CRIMINAL CASE—SELECTION OF JURORS—BY-STANDERS.—In a criminal trial the regular panel was disqualified, and the court directed the sheriff to summon a special venire from a list of names in writing which was prepared by the circuit judge and the sheriff at the commencement of the term. The list was made up of persons conveniently located. *Held*, the action of the trial judge was not in violation of the statute (Kirby's Digest, § 4511) and that the list of names agreed upon by the judge and sheriff were of by-standers within the meaning of the statute.

3. LIQUOR—UNLAWFUL RECEIPT.—The evidence held sufficient to warrant a conviction for the crime of unlawfully receiving liquor.

4. EVIDENCE—ILLEGAL RECEIPT OF LIQUOR.—In a prosecution for the illegal receipt of liquor for storage, distribution or assignment, certain witnesses testified that they had taken whiskey to appellant's house in jugs and cans. *Held*, testimony by another witness that he found whiskey on appellant's place was competent.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Arthur Cobb,* for appellant.

1. The demurrer should have been sustained. The indictment is void for duplicity and uncertainty. 37 Ark.

408; 22 Cyc. 338, 380, section 5 and note; 41 S. W. 809; 67 *Id.* 397; 6 *Id.* 388.

2. The manner of the selection of the jury was unlawful. Kirby & Castle's Dig., § § 2518, 5238.

3. The verdict is against the evidence. The court erred in its instructions.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The indictment was good under the language of the act. The use of the disjunctive ''or'' does not render it uncertain. 37 Ark. 408. Is *dicta* merely. The modern cases permit the disjunctive to be used in cases like this. 134 La. 178; 90 Va. 92; 135 Ala. 61; 48 Ark. 40; 5 West Va. 508; 109 N. C. 864; 35 S. W. 543; 6 McLean 182; 10 A. & E. Enc. L. 16 (h); 80 N. C. 472; Wharton Cr. Pl. & Pr., par. 252; Bishop St. Crimes, par. 244; Kirby's Dig., § § 2228-9.

2. There was no error in empaneling the jury. 93 Ark. 168; 51 *Id.* 582.

3. The evidence was sufficient.

4. There is no error in the instructions. The exceptions were *en masse.* 109 Ark. 138.

WOOD, J. Appellant was indicted as follows: ''The grand jury of Garland County, in the name of and by the authority of the State of Arkansas, accuse Henry Rogers of the crime of unlawfully receiving liquors, committed as follows, towit: The said Henry Rogers on the 18th day of September, 1917, in the County of Garland aforesaid, did unlawfully receive for storage, distribution or on consignment for another, alcoholic liquors, against the peace and dignity of the State of Arkansas.'' The indictment was under Section 7, Act 13 of the Acts of 1917.

Appellant demurred to the indictment, which demurrer was overruled. Appellant was tried before a jury and convicted, and from a judgment entering up a fine against him in the sum of $100.00, he prosecutes this appeal.

1. Appellant contends that the indictment is void for duplicity and uncertainty, citing authorities (our own among them), which hold that "where a statute makes punishable various acts and mentions them disjunctively, an indictment charging the commission of two or more of such acts in one count must charge them conjunctively, unless the words, when so employed, are repugnant or synonymous." 22 Cyc. 338, 380; *Thompson v. State,* 37 Ark. 408.

The indictment under review is not repugnant to the above rule for the reason that it only charges one offense, namely, that of receiving liquors.

The statute under which appellant was indicted is as follows: "That it shall be unlawful for any person, firm or corporation or association, to receive for storage, distribution, or on consignment, for another, the liquors mentioned in section one of this act, or any liquors," etc.

The indictment followed the language of the statute, and inasmuch as it charged only one offense, towit: the unlawful receiving of the prohibited liquors, it was sufficient. Nor was the offense one that might be committed in three different ways, as contended by counsel for the appellant. The offense could be committed in only one way, towit: by the act of unlawfully receiving the liquors. The words "storage, distribution, or on consignment" only indicated the different purposes for which the liquor might be received. The offense is complete when the liquor is received for any or all of these purposes.

It was not error to charge the purpose for which the liquor was received in the disjunctive instead of the conjunctive, as the proof of any or all would not change the nature of the offense. As above stated, there is but a single offense under this indictment, and it is wholly immaterial whether the purpose be for storage, distribution or consignment; the penalty is the same, regardless of which one of the purposes the receiver of the liquor may have in mind. See *Cunningham v. State,* 5 W. Va. 508.

2. The court found that the members of the regular

jury panel were disqualified and directed the sheriff to summon a special venire from a list of names in writing which was prepared by the circuit judge and the sheriff at the commencement of the term. Said list of names contained persons conveniently located. The jurors summoned from the list of names were duly sworn to answer questions touching their qualifications and were found to be qualified, and were duly empaneled to try the case. The appellant moved to quash the special venire, alleging that the venire had not been selected as required by law; that such special venire did not constitute by-standers in the sense of the statute. The court overruled the motion, and the ruling of the court is made one of the grounds of appellant's motion for a new trial.

The statute authorizes the circuit court to summons by-standers to complete the jury when, for any reason, the jurors and alternates summoned for the regular panel are disqualified. Kirby's Dig., § 4511. The list agreed upon by the judge and the sheriff from which jurors were to be selected in this case were by-standers within the meaning of the statute. The appellant was not entitled to have any particular jury to try his case. It does not appear that he challenged any of the jurors for cause, nor does he make it appear that any of them were biased or prejudiced against him. Therefore, he is not in an attitude to complain of the manner in which the jurors necessary to complete the panel were selected, in the absence of any showing that this method had the effect of bringing into the jury who tried him some one who was prejudiced against him. See *McCain* v. *State,* 132 Ark. 497.

The appellant did not exhaust his right to peremptorily challenge. He did not show that any juror was disqualified, or biased, or prejudiced against him. Therefore, the record, on this point, presents no error to the prejudice of appellant. See *Bowman* v. *State,* 93 Ark. 168; *York* v. *State,* 91 Ark. 582.

3. The appellant urges that the evidence was not sufficient.

There was testimony tending to show that Sheriff Smith made a search of appellant's house and found on the back porch about a quart of corn whiskey. He searched thoroughly appellant's premises, including his dwelling and outhouses, and fields, and garden. He says: "As I came back up through the garden, right behind his barn, I saw a clay root there with some large weeds laying over it. I thought it looked suspicious. I raised the weeds up and I found this little wooden box with the whiskey in it. There were four quart bottles and one gallon bottle." Further testifying, he says: "We found some containers right behind the garage. There were several empty bottles—quart bottles and pint bottles—and part of them were dirty, and they looked to be two or three dozen that were clean, as though they were ready to be filled. Found a filling funnel. Part of the stuff was right behind the garage, and there were some empty jugs or containers there."

There was some other testimony, which it is unnecessary to set out and discuss in detail. There was substantial testimony to sustain the verdict.

4. The appellant contends that the above evidence of Sheriff Smith is incompetent, because it was not shown that the whiskey that Smith found, and the empty jugs and cans, had been received by appellant for storage, distribution or on consignment, or that it had been received for any purpose since the enactment of the law under which appellant was indicted.

Witnesses Golden and Powers had testified to taking several gallons of whiskey to the house of appellant after the law took effect. They testified that they took the whiskey to appellant's place in jugs and cans.

The testimony of Smith, when taken in connection with the above testimony, was competent, and it presented an issue for the jury to determine as to whether or not appellant received whiskey for storage, distribution or on consignment in violation of the statute.

Appellant objected to the refusal of the court to grant certain of his prayers for instruction.

Appellant presented three instructions, which the court refused to give, and appellant reserved his exceptions to the ruling of the court *en masse*. At least one of the instructions was not correct, and the exception can not be considered here. *Tiner* v. *State,* 109 Ark. 138.

There are no reversible errors in the record, and the judgment is therefore affirmed.

HART and SMITH, JJ., dissent.