[No. 15500.   Department Two.   January 27, 1920.]

THE STATE OF WASHINGTON, *Respondent,* v.
D. B. BURCHAM, *Appellant.*[1]

CRIMINAL LAW (327)—TRIAL—TAKING EXHIBITS TO JURY ROOM.
In a prosecution for the unlawful possession of whiskey, it is not
error to allow the jury to take to the jury room bottles of whiskey
introduced in the evidence as exhibits and to smell and sample the
contents during the deliberation; the matter ordinarily being within
the discretion of the trial court.

SAME (347, 348)—NEW TRIAL—MISCONDUCT OF JURORS—SAMP-
LING WHISKEY EXHIBITS.   The denial of a motion for a new trial
for misconduct of the jury in sampling and drinking whiskey which,
as an exhibit in the case, was taken to the jury room, is not preju-
dicial error where it does not appear that any of the jurors were
under the influence of liquor.

SAME (212)—TRIAL—TESTS—SAMPLING WHISKEY.   In a prosecu-
tion for the unlawful possession of whiskey, any sampling and test-
ing by the jury should be in the presence of the court at the trial,
and not in the jury room on deliberating upon the verdict; but the
same is usually unwise and unnecessary.

Appeal from a judgment of the superior court for
Kittitas county, Davidson, J., entered January 11,
1919, upon a trial and conviction of violating the pro-
hibition law.   Affirmed.

*Eugene E. Wager,* for appellant.
*Arthur McGuire,* for respondent.

BRIDGES, J.—The appellant was charged by informa-
tion with unlawfully having in his possession more
than two quarts of intoxicating liquor other than beer.
The jury returned a verdict of guilty.   A motion for a
new trial was denied.   From the judgment upon the
verdict, this appeal is taken.

At the trial the state introduced in evidence some
twenty-four pint bottles, alleged to contain whiskey.

[1] Reported in 187 Pac. 352.

All of these except one were under seal and had not been opened. The appellant contends that the evidence was insufficient to show that the contents of the bottles, or at least more than two quarts thereof, were intoxicating liquor other than beer. It would not serve any useful purpose to here recite the testimony on this question; suffice it to say that a careful examination of the whole record convinces us that there was ample testimony tending to show that these bottles contained whiskey.

It is next contended that it was error for the court to send these exhibits to the jury room and allow the jury to keep the same while it was deliberating on its verdict. It has been almost the universal practice in this state for the trial court to allow the jury to take with it, while deliberating on its verdict, any and all exhibits introduced in the case, other than depositions. This court, in a number of cases, has held that it is not error for the trial court to send to the jury, while deliberating on its verdict, exhibits which have been duly received in evidence. Rem. Code, § 351; *Doctor Jack v. Territory,* 2 Wash. Terr. 101, 3 Pac. 832; *State v. Webster,* 21 Wash. 63, 57 Pac. 361; *State v. Baker,* 67 Wash. 595, 122 Pac. 335. The court, therefore, did not commit prejudicial error in sending to the jury the exhibits in this case.

During the argument to the jury a dispute arose between the attorneys whether there was sufficient testimony as to the contents of the bottles to take the case to the jury. During this dispute the court, in the presence of the jury, said that the bottles would be with the jury while it was deliberating on its verdict and it could convince itself in any way it chose whether the contents thereof consisted of whiskey. The appellant contends that the court erred in telling the jury, in substance, that it could smell and sample the con-

tents of the various bottles for the purpose of determining whether they contained whiskey. It would not have been prejudicial error to have allowed the jury to smell and taste this liquor during the progress of the trial, for the purpose of assisting it to determine the nature of the liquor. If that would not have been error, it was not prejudicial error to allow the jury to take the bottles to the jury room and, while deliberating on its verdict, smell and sample the contents thereof for the like purpose. In other words, we hold that it was not necessarily prejudicial error for the court to send such exhibits to the jury or to permit the jury, while deliberating on its verdict, to smell and sample the contents of the bottles for the bona fide purpose of determining whether the contents thereof consisted of whiskey.

A more serious question is raised by the appellant in his contention that the jury, while deliberating on its verdict, abused its discretion by drinking considerable quantities of the liquor. The affidavits of practically all of the jurors were obtained concerning the amount of the liquor consumed by the jurors while deliberating on their verdict. The affidavits of some of the jurors would indicate that considerable and unnecessary portions of the liquor had been consumed by the jury, but the affidavits of most of the jurors are to the effect that only about five of the bottles were opened by them and but a small portion thereof was consumed by the jury, and that this was done by tasting for the purpose of determining whether it was whiskey. There is no affirmative showing that any of the jurors were under the influence of intoxicating liquor, either while deliberating on the verdict or when the jury came into court with its verdict. On the contrary, a majority of the jurors made affidavits to the

effect that at no time was any juror under the influence of intoxicating liquor. The clerk of the court, who personally knew most of the members of the jury, made affidavit that none of them was under the influence of liquor. The court, who received the verdict, stated that he was acquainted with most of the jurors and was of the opinion that none of them was under the influence of liquor. Under this state of the record, we cannot say that the appellant has been prejudiced. The trial court was in better position than we to observe the jurors and to note the amount of liquor they had partaken of, and whether or not they had consumed all the liquor that was missing, or whether there had been an opportunity for some of it to disappear in other ways, and whether any juror was under the influence of strong drink. He denied the motion for new trial; we cannot say he erred therein.

However, we feel that it is our duty to discourage the practice of permitting the jury to have with it, while deliberating on its verdict, large quantities of intoxicating liquor. This appeal shows the dangers of that practice. Ordinarily, there is no necessity therefor and no good can be accomplished thereby. Whether or not the court should send such exhibits to the jury is ordinarily a matter of discretion. If the court is of the opinion that it is wise that the members of the jury should determine for themselves whether or not certain liquid is intoxicating liquor, they should be required to so determine by smelling and tasting during the course of the trial and in the presence of the court. Ordinarily, however, the state can furnish, by other means, ample testimony to show whether a liquor is intoxicating or otherwise, and usually it is neither necessary nor wise for the jury at any time to sample the liquor.

In this case we feel certain that the court did not commit any reversible error, that the jury was not guilty of such misconduct, if any, as that the appellant was prejudiced thereby or deprived of a fair trial. The judgment is affirmed.

HOLCOMB, C. J., TOLMAN, FULLERTON, and MOUNT, JJ., concur.