No. 10,098.

ENYART v. THE PEOPLE.

Decided July 5, 1921. Rehearing denied November 7, 1921.

Prosecution under the prohibition act. Defendant convicted.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Intoxicating Liquor—Evidence.* On the trial of one accused of violating the prohibition act, it is proper to permit a qualified witness to testify that he had smelt and tasted the liquor which the accused sold, and to state what it is. This is not expert testimony; and it is for the trial court to decide as to the qualifications of the witness.

2. *Intoxicating Liquor—Autoptic Evidence.* In a prosecution under the prohibition act, it is proper to permit the jury to look at, and smell the liquor alleged to be intoxicating, for the purpose of determining its character.

*Error to the County Court of Crowley County, Hon. Charles C. Wooldridge, Judge.*

Mr. J. GLENN MILLER, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES H. SHERRICK, assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant was convicted of selling two quarts of whisky to one Vinyard.

A witness was permitted to testify that he had smelt and tasted the liquor which the accused sold and that it was whisky. It is objected that such evidence was improper. It was proper. It is objected that the witness was not shown to be qualified to judge. Such testimony is not ex-

pert testimony any more than that of one who has tested salt or sugar and testifies to what it is. Of his qualifications the trial court must decide. *People v. Kinney,* 124 Mich. 486, 83 N. W. 147.

It is objected that the jury was allowed to examine and smell the liquor in court. Such evidence is called real or autoptic evidence. In general it is allowed, and is usually the most reliable evidence. Wig. Ev., §§ 1150-1160. The cases are not in harmony. In *Wadsworth v. Dunnam,* 117 Ala. 661, 23 South. 699, it was said to be improper to allow the jury to take liquor to their room, for the reason that evidence should be in open court. In *State v. Coggins,* 10 Kas. App. 455, 62 Pac. 247, and *State v. Lindgrove,* 1 Kas. App. 51, 41 Pac. 688, it was held improper to allow the jury to examine and smell bottles of whisky. In *Commonwealth v. Brelsford,* 161 Mass. 61, 63, 36 N. E. 677, it was held improper to allow the jury to taste the liquor. In *People v. Kinney, supra,* it was held proper for the jury to taste the liquor.

The question of taste is not before us. It is proper, however, we think, to permit the jury to look at and smell the liquor alleged to be intoxicating, for the purpose of determining its character. It is like shutting their eyes to the truth to do otherwise.

Some other points are made, but they are either frivolous or not excepted to, or not in the motion for new trial. So we do not notice them here.

Supersedeas denied and the judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.