## MIDWEST & NORTHERN REALTY COMPANY v. STANDARD GARAGE & SERVICE COMPANY AND OTHERS.[1]

October 31, 1924.

No. 24,132.

Unlawful detainer.
    1. The complaint states a cause of action in unlawful detainer.

Part of answer stricken.
    2. There was no error in striking out portions of the answer.

Evidence that liquor was moonshine admissible.
    3. There was no error in the reception of the testimony of a witness, who was experienced in raiding places containing intoxicating liquor unlawfully, to the effect that the liquid found was moonshine whiskey.

Correct to deny motion to dismiss.
    4. Defendant's motion to dismiss, at the close of plaintiff's testimony, was properly overruled.

Verdict sustained.
    5. The testimony warranted the verdict and there was no reversible error in the court's instructions to the jury.

Action in unlawful detainer in the municipal court of Minneapolis. The case was tried before Nordbye, J., who when plaintiff rested denied defendant's motion to dismiss, and at the close of the

[1]Reported in 200 N. W. 470.

testimony denied plaintiff's motion for a directed verdict and a jury which brought in a verdict of guilty. From the judgment granting immediate restitution of the premises, defendant Standard Garage and Service Company appealed. Affirmed.

*John A. Nordin, F. M. Miner* and *H. R. Hewitt*, for appellant.

*Shaw, Safford, Putnam & Shaw* and *Harold N. Rogers*, for respondent.

QUINN, J.

This is an action in unlawful detainer under the statute for restitution of the real property described in the complaint. The cause was tried before the court and a jury in the municipal court of the city of Minneapolis. The appeal is from a judgment entered in favor of plaintiff for the restitution of the premises.

Plaintiff owned a leasehold interest in the premises which it sublet, in April, 1922, to the appellant under a written lease for the term of 5 years from May 15, 1922. The appellant sublet the same to one J. H. Miller, under a written lease, for the term of one year from August, 1923, to be used for storage purposes. Each of these leases contained provisions as follows:

"That said Lessee will not keep or allow any liquors or beverages of an intoxicating nature or tendency, to be sold, kept or tolerated on said premises, nor any gambling nor other immoral practice. * * * if any liquor, gambling or any other immoral practices are allowed on said premises * * * or if any term, condition or covenant of this lease on the part of the said Lessee to be by said Lessee kept or performed, shall be violated or neglected, then and in either of said cases the said Lessee does hereby authorize and fully empower said Lessor or Lessor's agent to cancel and annul this lease at once, and to re-enter and take possession of said premises immediately, and by force if necessary, without any previous notice of intention to re-enter. * * *"

It is contended, on behalf of appellant, that the court erred: First, in striking out portions of the answer; second, in overruling the objections to the reception of any testimony and in denying the

motion to dismiss the action upon the ground that the complaint fails to state a cause of action; third, in permitting the witness Harney to testify that what he found on the premises was moonshine whiskey; fourth, in denying defendant's motion to dismiss the action at the close of plaintiff's testimony; fifth, that the verdict is not warranted by the proofs; and, sixth, in its instructions to the jury.

A reading of the answer discloses that it abounded with irrelevant and immaterial matter and that the order striking out such allegations was proper. The cause was tried upon the theory that there was a breach of the covenants contained in the lease relative to permitting intoxicating liquor to be kept·on the premises. No testimony was excluded which bore upon that issue. It was upon that phase of the case that plaintiff was entitled to succeed in the litigation, if at all. The complaint is in the usual form in action for unlawful detainer. The pleader might well have specifically set forth the time of the alleged breach of the covenants as to forfeitures. However, if appellant was not satisfied with the pleading in that regard, a motion to make the complaint more specific would have been the proper remedy. See 2 Dunnell, Minn. Dig. § 7647; Peterson v. Ruhnke, 46 Minn. 115, 48 N. W. 768; G. S. 1913, § 7658, which provides:

"When any person holds over lands or tenements * * * or contrary to the conditions or covenants of the lease or agreement which he holds * * * in all such cases the person entitled to the premises may recover possession thereof in the manner hereinafter provided."

Wm. Weisman Realty Co. v. Cohen, 157 Minn. 161, 195 N. W. 898. The holding, in the case last cited, disposes of the objections as to the sufficiency of the complaint and the order striking out portions of the answer against the contentions of appellant.

Appellant's third assignment goes to the admissibility of the testimony of the witness Harney. This witness had been in charge of the field force for the state of Minnesota in raids on illegal liquor matters for a number of years with a great deal of experience in

detecting concealed liquors. He had smelled the fumes of and tasted the liquor in question, as he had on many similar occasions. He testified, under objection, as to the character of the liquids found on the premises in question, to the effect that it was white, moonshine whiskey. This testimony was not controverted. The testimony was competent. Mattingly v. Commonwealth, 199 Ky. 724, 251 S. W. 953; Cathey v. State, 94 Tex. Cr. 599, 252 S. W. 534; Latson v. State, 95 Tex. Cr. 502, 254 S. W. 982; State v. Beeson, 106 Ore. 134, 211 Pac. 907; Strada v. U. S. 281 Fed. 143; Enyart v. People, 70 Colo. 362, 201 Pac. 564; State v. Tremont, supra, page 316.

The instructions submitting the question of intoxicating liquor being allowed on the premises, and whether appellant had knowledge of the fact, when read as a whole, were more favorable to the appellant than it had any right to expect, and the findings of the jury, in relation thereto, were amply sustained by the proofs.

Affirmed.