## JACOB ZUERCHER AND OTHERS v. MARGARET F. WOODWARD.[1]

December 11, 1925.

No. 24,974.

**Theory of unlawful detainer action.**

1. This action in unlawful detainer was brought on the theory that defendant's right of possession as vendee under a contract of sale had been terminated by a statutory notice after default in making the stipulated monthly payments.

**No allegation nor proof of equitable defense nor of any fact which kept second contract in force.**

2. Defendant pleaded no equitable defense, and no legal defense other than that she was in possession under a subsequent contract, but that contract discloses that by its terms it had automatically ended, leaving the first in full force up to the time it was terminated by the statutory notice. Defendant did not allege or attempt to prove any fact or matter which legally or equitably kept the last contract in force. The errors of the trial court here complained of could not change the result.

See Forcible Entry and Detainer, 26 C. J. p. 875, § 164.

Action for unlawful detainer in justice court and judgment in favor of plaintiffs. Defendant appealed to municipal court of St. Paul where case was tried before Finehout, J., who ordered judgment in favor of plaintiffs. Defendant appealed from the judgment. Affirmed.

*Bjorklund & Andre,* for plaintiffs.

*Martin H. Albin* and *Harris Richardson,* for defendant.

HOLT, J.

Action in unlawful detainer, in which judgment for restitution was entered. Defendant appeals.

[1] Reported in 206 N. W. 168.

There are numerous assignments of error assailing the findings of fact as made and also attacking the action of the court in refusing to amend or make other findings of fact which would result in judgment in favor of defendant. It will not be necessary to consider these seriatim, because, if it be held that defendant was in possession under a contract which had been duly terminated, the decision was right and leads to an affirmance.

The facts as to which there is no serious dispute are these: On June 8, 1923, the American Building Company was the owner of the lot in question and on that day made a written contract with defendant to sell and convey the lot to her with a dwelling thereon to be erected, ready for occupancy and possession on September 1, 1923, and defendant agreed to purchase the same for $6,800. In the contract the payment of $1,600 was acknowledged. The vendor reserved the right to place a mortgage on the premises for an amount not exceeding the balance of the unpaid purchase price, which mortgage the vendee was to assume and pay, and any balance should be paid in monthly instalments of $49, beginning September 1, 1923, and on the first day of each succeeding month. The contract also contained provisions that, if default was made in any of the monthly payments or any other covenant to be kept or performed by the vendee, it could be forfeited and terminated by giving her "such notice as is required by law." The company placed a mortgage for $2,600 on the lot.

The house was built, but a dispute arose as to whether or not it was according to the plans agreed on, and defendant would not take possession. Another agreement was then, on November 3, 1923, executed by the parties. Defendant went into possession, and made monthly payments up to and including April 1, 1924. She did not make any payments thereafter. A few days after defendant had taken possession, the American Building Company conveyed the lot to plaintiffs and assigned to them its sale contract of June 8, 1923. When defendant defaulted in her monthly payments, plaintiffs, on June 11, 1924, caused to be served on her personally a written notice signed by them, notifying her of the default, and stating that, unless

the sums past due were paid, the contract would terminate 30 days after the service of the notice. Defendant did not pay. And this action followed.

Defendant advances the proposition that plaintiffs cannot make use of the summary remedy afforded by the forcible entry and unlawful detainer statute, since she is in possession not under the terminated contract of June 8, but under that of November 3. The latter contract was offered in evidence but, on objection, excluded. Nevertheless, the court finds that it was made and finds the import of certain of its terms. The contract, though excluded, is fully set out in the record. If a consideration of its terms in connection with the contract of June 8, to which it refers, shows that when the latter is terminated for default, it automatically ends defendant's right to possession, the judgment should not be reversed. As we understand counsel for appellant, the action was properly brought and determined, had there been no other contract than the one of June 8.

The contract of November 3 is somewhat of a curiosity. It does not supersede or cancel the previous contract. It recites that defendant was dissatisfied with the house built, and the company agrees to build another, that defendant should have in all 30 days from November 3 in which to select another lot on which to erect the house. If she fails to select such a lot within the 30 days "she waives all rights or disputes she may have under the old contract, and the old contract shall be in full force and effect." No evidence was offered that she had selected another lot, nor did her answer so allege. Another provision authorizes her to take possession of the house here in question and to occupy the same until the contemplated new house is finished, but she is to make all payments provided in the contract of June 8, and continue to do so until a new contract is executed between the parties for the purchase by defendant of the premises upon which the new house was to be built. There was no pleading or proof that a new contract was made, hence all payments were made upon the contract of June 8. Contemporaneously with the execution of the new land contract, defendant should assign back to the company her right, title and inter-

est to the old contract and the property therein referred to. In case of default by defendant "in any of the terms and covenants to be by her kept and performed up to the time of the execution of the new contract, then and in that event, at the election of the first party (the Company) all rights hereunder shall terminate, and said second party (defendant) shall accept and pay for the property first above described at the terms mentioned in the contract therefor." There was no pleading or proof that she had not defaulted in her payments under the contract of June 8.

It seems reasonably clear that defendant's right of possession is dependent upon and coextensive with her keeping up the monthly payments and performing her covenants contained in the contract of sale of June 8. When she failed to select a lot within 30 days after November 3, she accepted the house and premises covered by the first contract as satisfactory, and thereby the last contract was automatically at an end. She was thereafter in possession under the first contract alone.

Defendant pleads no equitable defense. If the contract of sale of June 8, 1923, was not terminated, or properly foreclosed under the statute, she could have pleaded and proven that as legal defense. The action was properly triable under the forcible entry and unlawful detainer statute in a summary manner. And under the answer and the proofs offered by defendant she had no defense.

The judgment is affirmed.