MERCANTILE STATE BANK v. E. C. VOGT.[1]

October 4, 1929.

No. 27,565.

[1]Reported in 226 N. W. 847.

*John H. Horeish,* for appellant.
*Tifft & Youngdahl,* for respondent.

OLSEN, C.

Appeal by defendant from a judgment of the municipal court of the city of St. Paul in an unlawful detainer action.

Vera Vogt, the wife of defendant, purchased the premises in question from the plaintiff under a contract of sale providing for instalment payments of the purchase price. Together with defendant she entered into possession under the contract. She defaulted in her payments, and plaintiff by proper notice canceled the contract. Plaintiff then, in an unlawful detainer action against Vera Vogt, without joining her husband, obtained judgment against her for restitution of the premises and writ of restitution issued.

The husband, defendant herein, apparently refused to vacate, and thereupon this action was brought against him. He appeared

specially and objected to the jurisdiction of the court on the ground that the action involved the title to real estate, and moved that the action be certified to the district court. The motion was denied. There was an adjournment for one week. Defendant did not appear on the adjourned day, and plaintiff then presented its evidence. The court made findings in its favor, and judgment for restitution of the premises was entered, from which this appeal was taken.

An answer was interposed by defendant. Therein he denies that proper notice of cancelation of the contract had been given. He further alleges that "in February, 1929 (long after the claimed cancelation) * * * Vera Vogt * * * deposited with plaintiff's representative the sum of * * * $600;" that this deposit was accepted and was made "under the understanding with the plaintiff that the contract would be reinstated." In the next paragraph he alleges that the down payment on the contract, amounting to $1,875, was paid by him; that plaintiff knew that he made such payment, and that no notice of cancelation of the contract had ever been served on him.

■ The assignments of error are that the municipal court was without jurisdiction to try the case because the pleadings present equitable issues and defenses, and because the action involves the title to real estate. Counsel refers to G. S. 1923 (1 Mason, 1927) § 219, which provides that, "Except as provided in § 262, subd. 5, no municipal court shall have jurisdiction of civil actions involving the title to real estate." Section 262, here referred to, is G. S. 1913, § 262(5), which is now G. S. 1923 (1 Mason, 1927) § 218(5). That section expressly grants to municipal courts jurisdiction to try and determine actions "For forcible entry and unlawful detainer, whether involving the title to real estate or not." Sp. L. 1889, p. 994, c. 351, § 1, subd. 7, grants the same jurisdiction to the municipal court of St. Paul.

■ Assuming that an action of this kind may be removed to the district court when it appears that the title to real estate is involved [G. S. 1923 (2 Mason, 1927) § 9029] our holding is that such removal is authorized only when the title to real estate comes

in issue on the evidence, and that the fact that the pleadings show such issue is not sufficient. Sorenson v. Torvestad, 94 Minn. 410, 103 N. W. 15. This makes it unnecessary for us to determine whether the answer is sufficient to present any issue of title.

■ It is urged that the gist of an action of this kind is force, and that where there is no forcible entry or forcible detention the action cannot be maintained. G. S. 1923 (2 Mason, 1927) § 9149, expressly provides:

"When any person holds over lands or tenements * * * after termination of contract to convey the same * * * the person entitled to the premises may recover possession thereof in the manner hereinafter provided."

In this section no mention is made of forcible entry or forcible detention, and force has not been considered a necessary element to authorize the action. Gluck v. Elkan, 36 Minn. 80, 30 N. W. 446; Midwest & N. R. Co. v. Standard G. & S. Co. 160 Minn. 428, 200 N. W. 470; Zuercher v. Woodward, 165 Minn. 262, 206 N. W. 168; Fisher v. Heller, 166 Minn. 190, 207 N. W. 498.

■ It is argued that this defendant, not being a party to the contract for deed, cannot be ejected as one holding over after the termination of the contract. The answer sufficiently shows that he entered into possession as husband and member of the family of Vera Vogt, the purchaser. His entry and possession were under the contract, and when that was terminated his right to possession ceased. The rule stated in Bagley v. Sternberg, 34 Minn. 470, 472, 26 N. W. 602, 603, that "the occupation or possession of the family, servants, or agents of the tenant will, of course, be construed to be the possession of the tenant," should apply here. Defendant could properly have been joined as defendant in the action against his wife and have been ejected. That being so, we find no reason why he may not be dispossessed in a separate suit under the circumstances here shown.

■ The findings of the court show that notice of the cancelation of the contract was duly served on this defendant, and negative any right of the defendant to retain possession of the premises. There

is no settled case, and these findings stand unquestioned and are controlling here.

Judgment affirmed.