POST *v.* STATE.

Opinion delivered June 30, 1930.

G. C. *Carter* and *Jesse Reynolds,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

MEHAFFY, J. The appellant was indicted, tried and convicted in the Franklin Circuit Court of the crime of manufacturing liquor. Appellant's p r e m i s e s were searched, and there was found in a little house about forty feet from his dwelling about one and one-half gallons of whiskey in a three-gallon keg. There was about a truck load of old boxes, bottles and jugs, a barrel of wine and eighty-two bottles of home-brew. The officers said that appellant told them he made the home-brew for his own use. Appellant denied this, and he testified that he used the little house for a junk house and that there was a man living in it; that he did not know the whiskey was there. He admitted that he said that he made what was in the barrel. He said he had more strawberries than he could sell; that he put strawberries in the barrel without intentionally doing anything with them; he thought the berries would probably make vinegar. He was only at home part of the time. He said the liquid in the barrel that witnesses called wine was vinegar. The witnesses testified that a man named Jake Schriver lived in the little house. There was some conflict in the evidence but some of the witnesses testified that the barrel contained wine, and they also testified that appellant said the stuff in the bottles was his. The evidence showed that Schriver lived in the little house five or six months and that appellant would leave early in the morning and come home late at night. Appellant contends that the court erred in permitting the beer and wine to be exhibited to the jury for the purpose of determining whether it contained alcohol. It was not error to permit jurors to make an examination to determine, in connection with the testimony of the witnesses whether it was alcohol. *State* v. *Ling,* 198 Iowa 598, 199 N. W. 285; *Thielepape* v.

*State,* 89 Tex. Cr. Rep. 493, 231 S. W. 769; *Enyart* v. *People,* 70 Colo. 362, 201 Pac. 564; *State* v. *Burcham,* 109 Wash. 625, 187 Pac. 352; *State* v. *Dascenzo,* 30 N. M. 34, 226 Pac. 1099; *State* v. *Simmons,* 183 N. C. 684, 110 S. E. 591.

It is next contended that the court erred in permitting Ledgerwood to testify that he tasted the wine, but did not drink enough to say whether or not it was intoxicating and to further testify that it was wine. This was competent testimony. A witness may testify as to his opinion as to whether liquor is intoxicating from tasting it. He may also testify as to its effect from drinking it. Joyce on Intoxicating Liquors, p. 717.

"If from use or by any other means a citizen knows what whiskey is, he may be a competent witness to the character of liquor. It does not require a scientific expert to identify a well known article of manufacture and commerce in common use. One who had drunk whiskey, who is familiar with its taste and smell, can give opinion evidence as to whether the beverage sold and drunk was whiskey. * * * The same reason applies with almost equal force to wine." Blakemore on Prohibition, p. 164.

It is next contended that the court erred in calling the jury back after they had deliberated for some time, and giving a cautionary instruction. Appellant argues that by giving this instruction the court tells them that it is their duty to agree; that that is what they are required to do under their oath. The court did not tell the jury they were required to agree. They were told that it was their duty to try to reach a result. Appellant calls attention to *Stockton* v. *State,* 174 Ark. 472, 295 S. W. 397. The court, however, in that case said: "A short cautionary instruction * * * would not therefore be within the constitutional prohibition." The instruction in the Stockton case the court said was long, involved and argumentative. The instruction in the instant case is not subject to the objection pointed out by the court in the Stockton case.

In the next case referred to, *Stepp* v. *State,* 170 Ark. 1061, 282 S. W. 684, the court expressly stated that the trial court might give an instruction like the one in the case at bar. In the next case cited and relied on by the appellant, *Clarkson* v. *State,* 168 Ark. 1122, 273 S. W. 353, the instruction was approved by the court. There was no error in giving the instruction given in this case. *Mallory* v. *State,* 141 Ark. 503, 217 S. W. 482; *Whitley* v. *State,* 114 Ark. 243, 169 S. W. 952.

The appellant contends that the court erred in refusing to give certain instructions requested by him, but these instructions were all covered by instructions given by the court. It was not error to refuse to grant a new trial on the ground of newly discovered evidence. The newly discovered evidence was cumulative, and the appellant did not allege any facts showing that he had used diligence. *Reeder* v. *State,* 181 Ark. 813, 27 S. W. (2d) 989.

Appellant contends that the judgment should be reversed because the verdict was not unanimous and presents to the court the affidavit of jurors. Section 3220 of C. & M. Digest is as follows: ''A juror cannot be examined to establish a ground for a new trial, except it be to establish, as a ground for a new trial, that the verdict was made by lot.'' The affidavits do not tend to establish that the verdict was made by lot, but are for an entirely different purpose. *Wallace* v. *State,* 180 Ark. 627, 22 S. W. (2d) 395.

We find no error, and the judgment is affirmed.