BROCK *v*. STATE.

5087                                          371 S. W. 2d 539

Opinion delivered October 21, 1963.

*Lowe, Moore & Webber,* for appellant.

*Bruce Bennett,* Attorney General, by *Jack L. Lessenberry,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J.  This is an appeal from a judgment upon a verdict finding the appellant guilty of second degree murder and fixing his punishment at imprisonment for eighteen years.  Counsel for the accused present a number of contentions for reversal.

Audie Brock, the appellant, and John Morgan O'Neal, Jr., the deceased, lived about half a mile apart on the same road.  On September 5, 1962, Brock and a helper were attempting to clean out a culvert in front of O'Neal's property.  When a dispute arose about the disposal of the trash Brock went home and returned with a loaded shotgun.  Upon a renewal of the argument Brock shot and killed O'Neal while the latter was standing in his front door.  O'Neal also had a weapon, but

whether Brock acted in self-defense was a disputed question of fact for the jury.

According to the testimony Brock fired one time only. There was some proof, however, that as many as a dozen buckshot were found in O'Neal's body and in the door facing. One of the jurors, W. C. Storey, worked in a hardware store. Counsel for the accused, in a supplemental motion for a new trial, offered to prove by Storey himself that during a recess in the trial Storey had obtained and taken to the jury room a printed card indicating that shotgun shells of a certain brand contain only nine buckshot. It is argued that the jury may have concluded, to Brock's prejudice, that Brock testified falsely when he said he fired only once.

The application for a new trial was properly denied, because the only testimony offered—that of Storey—was incompetent. In a criminal case a juror cannot be examined to establish a ground for a new trial except to show that the verdict was reached by lot. Ark. Stat. Ann. § 43-2204 (1947); *Post* v. *State,* 182 Ark. 66, 30 S. W. 2d 838. The policy of the statute, which affords the jurors the protection of secrecy in their deliberations and also gives stability to verdicts, needs no defense.

Counsel seek to avoid the effect of the statute by urging us to follow certain cases from other jurisdictions, holding that it is permissible to impeach a verdict by proving misconduct that occurred outside the jury room. In the first place, the cited cases were decided at common law and did not involve a prohibitory statute like ours. Secondly, the important point is not that Storey obtained the card at his place of business but that the matter was discussed by the jurors. Hence whatever misconduct there may have been occurred in the jury room; so even under the cases cited Storey's testimony was not admissible.

Both a regular panel and a special panel of veniremen had been prepared by the jury commissioners. In supplementing the regular panel the trial judge had the special list opened and selected seven of the twenty-five

veniremen. These seven were not the first seven on the list; they were numbers 6, 8, 10, 15, 17, 19, and 24. When this method of selection was later questioned by counsel for Brock the court explained that he had chosen the ones who in his opinion would most likely be available for service. Later on, when it became necessary to supplement the panel again, the court passed over the names of two men, one because he lived in a remote section of the county and the other because he was over sixty-five and had twice claimed his exemption. It is now insisted that the court's failure to have the veniremen summoned in strict numerical order entitles the accused to a new trial.

We find no prejudicial error. The statute does not affirmatively direct that the special panel be summoned in exact numerical order. Ark. Stat. Ann. § 39-221 (Repl. 1962). In *Sullivan* v. *State,* 163 Ark. 11, 258 S. W. 643, we recognized the trial judge's wide discretion in the matter and pointed out that he may properly avoid unnecessary delay or unnecessary expense. Hence it is often proper for the trial judge, for good cause, to pass over the name of a particular venireman. On the other hand, we do not approve the procedure, followed below, by which the trial judge selected seven veniremen without regard to numerical order and for reasons known only to the judge himself. It does not appear, however, that the accused was compelled to accept any juror who was not qualified and impartial. Inasmuch as it is not shown that Brock's right of peremptory challenge was exhausted he is not in a position to complain of the method that was used. *Rogers* v. *State,* 133 Ark. 85, 201 S. W. 845.

The court's instructions are attacked upon a number of grounds, but we think they correctly stated the law. The jury were properly told that if the killing had been proved beyond a reasonable doubt the burden of proving circumstances of mitigation devolved upon the accused. *Hogue* v. *State,* 194 Ark. 1089, 110 S. W. 2d 11. The case at bar is unlike *Mode* v. *State,* 231 Ark. 477, 330 S. W. 2d 88, for here the court did not require that the defense

be proved by a preponderance of the evidence. The concluding portion of the court's charge on self-defense is challenged, but its language was substantially similar to that approved in *McKinney* v. *State*, 140 Ark. 529, 215 S. W. 723. The other attacks upon the instructions are not sufficiently meritorious to require discussion.

Affirmed.